**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41440
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTURO PEREZ REYNA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:03-CR-83-ALL
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Following the denial of a motion to suppress, Arturo Perez Reyna entered a conditional plea of guilty to one count of possession with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 841. On appeal, Reyna challenges only the denial of his motion to suppress.

When reviewing a ruling on a motion to suppress, we review questions of law de novo and findings of fact for clear error; evidence is viewed in the light most favorable to the party who

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prevailed in the district court. United States v. Brigham, 382 F.3d 500, 506 n.2 (5th Cir. 2004) (en banc).

Although Reyna's brief does not appear to challenge the basis for the initial traffic stop, we note that the initial stop of Reyna was legal. The suggestion in Reyna's brief that the stop was pretextual is irrelevant; we have held that "[a]n officer may stop a motorist for a traffic violation even if, subjectively, the officer's true motive is to investigate unrelated criminal offenses." United States v. Sanchez-Pena, 336 F.3d 431, 437 (5th Cir. 2003).

Reyna also argues that the officer unreasonably prolonged the stop. The routine questions the officer asked Reyna, and the routine questions he asked Reyna's wife to confirm Reyna's answers, were within the scope of the initial stop and took only a few minutes to complete. See Brigham, 382 F.3d at 507-08. During the course of the stop, the smell of gasoline and the apparently malfunctioning gas gauge created reasonable suspicion that the tank might contain contraband; therefore, the officer's decision to briefly check the tank was reasonably related to "dispelling his reasonable suspicion developed during the stop." Id. at 507.

Reyna also challenges his consent to search the vehicle; he asserts his consent was mere acquiescence to the officer's show of authority rather than knowing and voluntary consent. Based upon our review of the evidence, the district court did not clearly err in finding that Reyna's consent was knowing and voluntary given.

2

See <u>United States v. Solis</u>, 299 F.3d 420, 436 n.21 (5th Cir. 2002) (describing six factors for consideration); <u>see also</u> <u>United States v. Mendoza-Gonzalez</u>, 318 F.3d 663, 666 (5th Cir. 2003) (if consent finding is based on oral testimony at a suppression hearing, "the clearly erroneous standard is particularly strong since the judge had the opportunity to observe the demeanor of the witnesses").

AFFIRMED.